IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 6 2016
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | |
|---|---|
| TRAYSON LASHONE WOODEN, § § Petitioner, § § v. § § LORIE DAVIS, Director,[1] § Texas Department of Criminal § Justice, Correctional § Institutions Division, § § Respondent. § | No. 4:15-CV-662-A |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Trayson Lashone Wooden, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On June 30, 2010, in Tarrant County, Texas, a jury found

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

petitioner guilty of robbery by threats and assessed his punishment at 25 years' confinement. (Adm., R., J. of Conviction by Jury 79, ECF No.15-13) Petitioner appealed the judgment of conviction, but the Second District Court of Appeals of Texas affirmed the judgment on December 8, 2011. (*Id.*, Mem. Op. 15, ECF No. 17-4) Petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals, but it was struck for noncompliance with Texas Rule of Appellate Procedure 68.6 and petitioner was given until May 18, 2012, to redraw the petition and provide the requisite copies, which he apparently failed to do. *Wooden v. State*, 2012 WL 1378100 (Tex. Crim. App. Apr. 18, 2012). Petitioner did not file a state habeas application challenging his conviction. (Resp't's Preliminary Answer, Ex. A, ECF No. 16) This federal petition was filed on August 28, 2015.[2] (Pet. 10, ECF No. 1) He raises one ground for relief, alleging he received ineffective assistance of trial counsel. (Pet. 6, ECF No. 1)

## II. Statute of Limitations

Respondent contends the petition is untimely or, in the alternative, that petitioner's claims are unexhausted. (Resp't's

---

[2]Petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

Preliminary Answer 1) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

3

With the limited exceptions under subsections (B) through (D), which are not applicable here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). Under that provision, the statute of limitations began to run upon expiration of the time petitioner had for filing a compliant petition for discretionary review on May 18, 2012, and expired one year later on May 18, 2013, absent any tolling. *See Salazar v. Stephens*, No. H-14-2923, 2015 WL 3633585 (S.D.Tex. June 10, 2015).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner did not file a state application for habeas relief; thus, he is not entitled to statutory tolling. Nor has petitioner demonstrated that tolling as a matter of equity is justified. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, -U.S. -, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560

U.S. 631, 649 (2010). Petitioner does not allege that he is actually innocent of the offense and he did not address the issue of limitations or tolling in his petition or reply to Respondent's answer raising the defense. Thus, he has failed to demonstrate that he was prevented in any way from asserting his rights in federal court.

Petitioner's federal petition was due on or before May 18, 2013. Therefore, his petition filed on August 28, 2015, over two years later, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED July ___6___, 2016.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

5